UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
          v.                       )  C.A. No. 3:96-CV-562
                                   )
NASSAU METALS CORPORATION;         )  (Judge Vanaskie)
MYRON BRENNER; BETTY BRENNER,      )
PERSONAL REPRESENTATIVE OF         )
ESTATE OF JOSEPH BRENNER,          )
                                   )
          Defendants.              )
                                   )

FILED
SCRANTON

DEC 2 0 2000

PER _____ 39C

CONSENT DECREE

# TABLE OF CONTENTS

                                                                    PAGE

I.      BACKGROUND  . . . . . . . . . . . . . . . . . .        2

II.     JURISDICTION  . . . . . . . . . . . . . . . . .        5

III.    PARTIES BOUND  . . . . . . . . . . . . . . . .         5

IV.     DEFINITIONS  . . . . . . . . . . . . . . . . . .       6

V.      REIMBURSEMENT OF RESPONSE COSTS  . . . . . . .         9

VI.     FAILURE TO COMPLY WITH REQUIREMENTS
        OF CONSENT DECREE  . . . . . . . . . . . . . .        16

VII.    COVENANT NOT TO SUE BY PLAINTIFF  . . . . . . .       18

VIII.   COVENANT NOT TO SUE BY SETTLING DEFENDANT  . .        20

IX.     EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION .       21

X.      SITE ACCESS . . . . . . . . . . . . . . . . . .       22

XI.     NOTICES AND SUBMISSIONS  . . . . . . . . . . .        25

XII.    RETENTION OF JURISDICTION  . . . . . . . . . .        26

XIII.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . .        26

XIV.    EFFECTIVE DATE  . . . . . . . . . . . . . . . .       27

XV.     SIGNATORIES/SERVICE  . . . . . . . . . . . . .        27

## I. BACKGROUND

A. On March 28, 1996, the United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a Complaint in this matter, pursuant to Sections 107 and 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9607 and 9613(b), seeking reimbursement of response costs incurred and to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the C&D Recycling Superfund Site, Foster Township, Luzerne County, Pennsylvania ("Site"). The Complaint named Joseph Brenner, who prior to his death was a fifty percent shareholder of C&D Recycling, Inc. ("C&D Recycling"), which conducted a metals reclamation business at the Site, as one of the defendants in this action.

B. On or about June 17, 1996, defendant Joseph Brenner filed his Answer to the United States' Complaint, generally denying the allegations in the Complaint and denying liability. In April 1999, Joseph Brenner died, and Betty Brenner was appointed as the Personal Representative of the Estate of Joseph Brenner ("Personal Representative of the Estate"). On December 25, 1999, the Court approved and signed

-2-

an agreed order of the parties that substituted Betty Brenner, Personal Representative of the Estate, for defendant Joseph Brenner in this action.

C.    The United States in its Complaint seeks reimbursement of Past Response Costs incurred by EPA and the United States Department of Justice ("DOJ") for response actions taken at or in connection with the release or threatened release of hazardous substances at the Site, and a declaratory judgment on liability that will be binding in future actions to recover further response costs incurred at or in connection with the Site.

D.    The release or threatened release of hazardous substances at or from the Site caused the United States to incur response costs in connection with the clean-up of the Site.

E.    On July 22, 1998, the Court approved and entered the CERCLA Remedial Design/Remedial Action ("RD/RA") Consent Decree agreed to by the United States and defendant Nassau Metals Corporation ("Nassau Metals"). The RD/RA Consent Decree provides, _inter alia_, that Nassau Metals will implement the off-site remedy selected by EPA in the September 30, 1992 Record of Decision as the clean-up remedy at the Site. The RD/RA Consent Decree between the United States and Nassau

-3-

Metals resolves the claims alleged in the United States'
Complaint against Nassau Metals, and resolves any
counterclaims raised by Nassau Metals against the United
States.  Further, the RD/RA Consent Decree provides that
Nassau Metals shall reimburse the United States for all Future
Response Costs not inconsistent with the National Contingency
Plan incurred by the United States.  On or about March 10,
1999, the United States and defendant Myron Brenner reached a
settlement, and a Partial Consent Decree incorporating the
settlement was approved and entered by the Court on December
2, 1999.

F.    Settling Defendant enters into this Consent Decree
without admitting any liability to the United States arising
out of the transactions or occurrences alleged in the
Complaint filed in this action.  To the extent that Settling
Defendant alleges any liability against the United States
and/or seeks relief from the United States, the United States
denies any such liability and that Settling Defendant is
entitled to any relief from the United States.

G.    The United States and Settling Defendant agree, and
this Court by entering this Consent Decree finds, that this
Consent Decree has been negotiated by the Parties in good
faith, that settlement of the United States' claims against

-4-

defendant Joseph Brenner (Deceased), and now the Estate of
Joseph Brenner, will avoid prolonged and complicated
litigation between the Parties, and that this Consent Decree
is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this
Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.  **JURISDICTION**

1.   This Court has jurisdiction over the subject matter
of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42
U.S.C. §§ 9607 and 9613(b).  This Court also has personal
jurisdiction over Settling Defendant.  Settling Defendant
consents to and shall not challenge entry of this Consent
Decree or this Court's jurisdiction to enter and enforce this
Consent Decree.

## III.  **PARTIES BOUND**

2.   This Consent Decree applies to and is binding upon
the United States and upon Settling Defendant and defendant
Joseph Brenner's heirs, successors, and assigns.  Any change
in ownership or corporate or other legal status, including but
not limited to, any transfer of assets or real or personal
property, shall in no way alter the status or responsibilities
of Settling Defendant under this Consent Decree.

## IV.  **DEFINITIONS**

3.   Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree, the following definitions shall apply:

a.   "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601, et seq.

b.   "Complaint" shall mean the complaint filed in this case on March 28, 1996.

c.   "Consent Decree" shall mean this Consent Decree. Any reference to the consent decree entered into by the United States and defendant Nassau Metals Corporation, and approved by the Court, shall be referred to as the RD/RA Consent Decree.  Any reference to the Partial Consent Decree entered into by the United States and defendant Myron Brenner will be referred to in this Consent Decree as the Partial Consent Decree.

d.   "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal Holiday, the

-6-

period shall run until the close of business of the next working day.

e.    "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

f.    "Effective Date" shall mean the date established pursuant to Section XIV of this Consent Decree.

g.    "EPA" shall mean the United States Environmental Protection Agency and any successor departments or agencies of the United States.

h.    "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

i.    "Estate" shall mean the Estate of Joseph Brenner and Betty Brenner, Personal Representative of the Estate.

j.    "Interest," when capitalized, shall mean Interest at the current rate specified for Interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607.

k.    "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper case letter.

l. "Parties" for purposes of this Consent Decree shall mean the United States and Settling Defendant.

m. "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA and the U.S. Department of Justice on behalf of EPA, have incurred or paid at or in connection with the Site through the Effective Date of this Consent Decree, plus Interest, whenever accrued, on all such costs through the Effective Date.

n. Personal Representative of the Estate of Joseph Brenner shall mean Betty Brenner.

o. "Plaintiff" shall mean the United States on behalf of EPA.

p. "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

q. "Settling Defendant" shall mean Betty Brenner, Personal Representative of the Estate of Joseph Brenner. Joseph Brenner (Deceased) was the brother of Settling Defendant Myron Brenner, and Joseph Brenner, prior to his death, was a fifty percent shareholder of C&D Recycling, Inc., which operated a metals reclamation business at the Site.

r. "Site" shall mean the C&D Recycling, Inc. Superfund Site, located in the Foster Township, Luzerne County, Pennsylvania.

s.  "Site Property" subject to sale under Paragraph V.B. shall mean the portion of the Site owned by C&D Recycling, Inc., and any portion of the Site included in the Estate and previously owned jointly by Joseph Brenner (Deceased) and Myron Brenner.

t.  "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V.  REIMBURSEMENT OF RESPONSE COSTS

### A.  Immediate Cash Payment

4.  The United States enters into this Consent Decree based on Defendant Joseph Brenner's representations, prior to his death, regarding his financial position and financial information provided to the United States by Betty Brenner, Personal Representative of the Estate of Joseph Brenner, regarding assets in the Estate of Joseph Brenner.  This Consent Decree does not constitute an adjudication of Settling Defendant's ability to pay any amount.

5.  Within 45 days of entry of this Consent Decree, Settling Defendant shall pay the EPA Hazardous Substance Superfund $77,000 [Seventy-Seven Thousand Dollars] in reimbursement of Past Response Costs.

6.  Payment shall be made by Electronic Funds Transfer

("EFT") to Department of Justice lockbox bank, referencing CERCLA Number 03L8 and USAO File Number 2000Z00-00483-001. Payment shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the United States Attorney's Office in the Middle District of Pennsylvania following the lodging of the Consent Decree. Any payment received at the DOJ lockbox bank after 11:00 a.m. (Eastern Standard Time) shall be credited on the next business day. At the time of payment, Settling Defendant shall simultaneously send written notice of payment and a copy of any transmittal documentation to EPA and DOJ as provided in Section XI (Notices and Submissions).

7. Joseph Brenner, prior to his death, contended that he had a limited ability to pay the response costs incurred at the Site and submitted financial information, including documents, to the United States to support this contention. Further, Betty Brenner, Personal Representative of the Estate, contends that the Estate has a limited ability to pay the response costs incurred at the Site, and has submitted financial information, including documents, to the United States to support this contention. The United States has reviewed this information and, in reliance on the truth and completeness of that information and Settling Defendant's

-10-

representations, the United States has entered into this
Consent Decree with Settling Defendant based upon Settling
Defendant's limited ability to pay the response costs incurred
by the United States. Settling Defendant, by signing this
Consent Decree, certifies that to the best of her knowledge,
information and belief, the financial data and information
provided to the United States and identified in Appendix A to
this Consent Decree are true, accurate, and complete.

8. The United States' entry into this Consent Decree is made
in express reliance and is dependent upon Settling Defendant's
financial certification contained in Paragraph 7. If, at any time,
the United States determines that Settling Defendant's financial
certification was false, inaccurate, or incomplete as to any
representation, the United States reserves the right to (i)
petition the Court for further relief from Settling Defendant,
including, but not limited to reimbursement of all Past
Response Costs incurred at or in connection with the Site
which have not been recovered and (ii) if the United States
deems it appropriate, to institute a further action based upon
CERCLA or the terms of this Consent Decree and any violation
thereof. Should the United States petition the Court for
further relief or institute a further action, pursuant to this
Paragraph 8, Settling Defendant waives her right to assert any

-11-

statute of limitations, laches, waiver, or estoppel defenses
to such petitions or such further action.  This reservation
shall be in addition to and not in place of any remedies the
United States may have for false statements made to the United
States, including but not limited to the sanctions provided by
18 U.S.C. § 1001.

### B.   Sale of the C&D Recycling, Inc., Site Property and Payment of the Proceeds to the United States

9.   Defendant Joseph Brenner (Deceased) was a fifty
percent owner/shareholder of C&D Recycling, Inc., including
the Site property owned by C&D Recycling on which it conducted
a metals reclamation business ("Site property").  Settling
Defendant Betty Brenner, Personal Representative of the
Estate, has agreed to use her best efforts to sell the Site
property.  Upon the sale of the Site property, Settling
Defendant, as has been agreed to by defendant Myron Brenner in
a separate Partial Consent Decree, agrees to pay to the United
States all of the proceeds from such sale up to, but not to
exceed, the amount of EPA's unreimbursed response costs
incurred in connection with the Site.  Section V.B of the
Partial Consent Decree between the United States and defendant
Myron Brenner requires, inter alia, that defendant Myron
Brenner, as a co-owner with defendant Joseph Brenner [now the

-12-

Estate of Joseph Brenner] of C&D Recycling, Inc., cooperate in the sale of the Site property. Similarly, Settling Defendant Betty Brenner, Personal Representative of the Estate, as an obligation under this Consent Decree, agrees to cooperate fully with defendant Myron Brenner with respect to the sale of the property, including but not limited to executing any documents necessary or appropriate for such sale and not taking any action to impede or frustrate any potential sale of the Site property. Any sale of the Site property, or any conveyance and/or transfer by Settling Defendant, or the Estate of Joseph Brenner, of its ownership and/or financial interest in the Site property shall be for a fair and reasonable price based upon its market value.

a. Betty Brenner, Personal Representative of the Estate, agrees to sell the Site property, and reasonable, good faith efforts to sell said property shall include, but not be limited to, the following:

(1) using her efforts to ensure that the property is sold at the highest price reasonably feasible;

(2) using a real estate agent or broker who is licensed in the Commonwealth of Pennsylvania and who shall follow the usual and normal practices for selling real property, including, for example, listing the property in one

-13-

or more real estate listing services regularly used by real estate agents, brokers, and others and using other reasonable means to ensure that the availability of the subject property for sale is known to potential buyers; and

(3) selling the Site property based upon a reasonably current appraisal, which shall not be more than one year old at the time of sale.

b. Upon the sale of the Site property, Settling Defendant Betty Brenner, Personal Representative of the Estate, within ten days after receiving the proceeds of the sale, shall provide EPA notice of the sale, including the name and address of the purchaser, the selling price, and the amount paid to any licensed agent or broker involved in the sale. Upon being advised by EPA of the amount of its unreimbursed costs, Settling Defendant shall pay EPA the proceeds of the net selling price amount (total selling price minus only any reasonable and customary commission fees charged by the licensed selling agent or broker and reasonable and customary attorneys' fees associated with the sale of the property), not to exceed the amount of EPA's unreimbursed costs incurred in connection with the Site. Payment shall be made by Electronic Funds Transfer ("EFT") to Department of Justice lockbox bank, referencing CERCLA Number 03L8 and USAO

File Number 2000Z00483-001. Payment shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the United States Attorney's Office in the Middle District of Pennsylvania following the lodging of the Consent Decree. Any payment received at the DOJ lockbox bank after 11:00 a.m. (Eastern Standard Time) shall be credited on the next business day. At the time of payment, Settling Defendant shall simultaneously send written notice of payment and a copy of any transmittal documentation to EPA and DOJ as provided in Section XI (Notices and Submissions).

c. Settling Defendant shall sell the Site property by August 2007. If the subject property has not been sold by August 2001, Settling Defendant shall provide EPA a full description of all efforts made to sell the subject property and an explanation, as reasonably feasible, why Settling Defendant has been unable to sell the property, and such report shall be provided to EPA every two years thereafter that the property remains unsold through August 2007. In the event that the subject property has not been sold by August 2007, EPA, based upon the submissions required herein, as well as other information which EPA may gather independently, shall determine whether this Paragraph V.B shall be terminated or

extended for an additional period of time as determined by EPA.

d.    Should the subject property become encumbered in any manner by a legal claim by a third party or in any other manner, Settling Defendant shall immediately provide written notice to EPA in accordance with the requirements of Section XI (Notices and submissions).

e.    Until Settling Defendant's obligation under Paragraph V.B is completely satisfied, Settling Defendant shall retain all records, documents, notes and other papers related to their efforts to sell the property and the actual sale of the subject property.  The records, documents, notes and other papers to be retained shall include those generated by Settling Defendant and those provided to Settling Defendant by any real estate agent or similar person, prospective buyers and the actual buyer, if any, and any person who performs a service related to the sale of the property.  Upon reasonable written notice by EPA, Settling Defendant shall provide to EPA the records, documents and other papers retained pursuant to this Paragraph.

## VI.  **FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE**

10.    <u>Interest on Late Payments</u>.  In the event that any payment required by Section V (Reimbursement of Response

-16-

Costs) or Section VI, Paragraph 11 (Stipulated Penalty) is not received when due, Interest shall accrue on the unpaid balance from the day following the date payment is due through the date of payment.

11. Stipulated Penalty.

a. If any amounts due to EPA under this Consent Decree are not paid by the required date or Settling Defendant violates any other provision of this Consent Decree, Settling Defendant shall pay to EPA as a stipulated penalty, in addition to the Interest required by Paragraph 10, a stipulated penalty in the amount of $500 (Five Hundred dollars) each day such payment is late.

b. Stipulated penalties are due and payable within thirty (30) days of Settling Defendant's receipt from EPA of a demand for payment of the penalties. All payments to EPA under this Section VI shall be paid by certified or cashier's check made payable to "EPA Hazardous Substance Superfund," shall be mailed to U.S. EPA, Region III, Attention: Superfund Accounting, P.O. Box 360515, Pittsburgh, PA 15251-6515, and shall reference CERCLA Number 03L8 and DOJ Case Number 90-11-3-1057A. Copies of check(s) paid to EPA pursuant to this Paragraph 11, and any accompanying transmittal letter(s), shall be sent to EPA and DOJ in accordance with Section XI

(Notices and Submissions).

c. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after completion of performance is due or the day a violation occurs, and shall continue to accrue through the final day of correction of the noncompliance or completion of the activity. Nothing herein shall prevent the simultaneous accrual of stipulated penalties for separate violations of this Consent Decree.

12. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

13. Payments made pursuant to Paragraphs 10 and 11 shall be in addition to any other remedies or sanctions available to the United States by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree. The United States may, in its sole discretion, waive or mitigate any stipulated penalties owed under this Section.

## VII. **COVENANT NOT TO SUE BY PLAINTIFF**

14. <u>Covenant Not to Sue by United States</u>. Except as

specifically provided in Paragraph 15 (Reservation of Rights by the United States), the United States covenants not to sue Settling Defendant pursuant to Sections 107(a) or 113 of CERCLA, 42 U.S.C. §§ 9607(a) or 9613, to recover Past Response Costs. This covenant not to sue shall take effect upon receipt by EPA of Settling Defendant's payment required by Section V (Reimbursement of Response Costs) and Section VI, Paragraph 10 (Interest on Late Payments) and Paragraph 11 (Stipulated Penalty). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

15. <u>Reservations of Rights by the United States</u>. The covenant not to sue set forth in Paragraph 14 does not pertain to any matters other than those expressly specified therein. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all other matters, including but not limited to:

    a.  liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

    b.  criminal liability;

    c.  liability for injunctive relief or

-19-

administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d.   liability for past, present or future violations of federal or state law other than liability resolved by this Consent Decree; and

e.   liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs.

## VIII.   **COVENANT NOT TO SUE BY SETTLING DEFENDANT**

16.   <u>Covenant Not to Sue</u>.   Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, its contractors or employees with respect to Past Response Costs or this Consent Decree, including, but not limited to:

a.   any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.   any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, related to Past Response Costs; and

-20-

c. any claims arising out of response actions at the Site for which the Past Response Costs were incurred.

17. Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

## IX. **EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION**

18. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

19. Subject to the reservations of rights set forth above, the Parties agree that by entering into and carrying out the terms of this Consent Decree and the Court finds, Settling Defendant has resolved its liability to the United States for matters addressed in this Consent Decree and is entitled, as of the Effective Date of this Consent Decree, to protection from contribution actions or claims for matters

addressed in this settlement as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2). Such protection may be voided by the United States if Settling Defendant fails to comply with the requirements of this Consent Decree. The matters addressed in this Consent Decree are only Past Response Costs.

20. Settling Defendant agrees that, with respect to any suit or claim for contribution brought by Settling Defendant for matters addressed in this Consent Decree, Settling Defendant will notify EPA and DOJ in writing, as directed in Section XI (Notices and Submissions), no later than 30 days prior to the initiation of such suit or claim. Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against Settling Defendant for matters addressed in this Consent Decree, Settling Defendant will notify EPA and DOJ in writing within ten (10) days of service of the Complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

## X. **SITE ACCESS**

21. Notwithstanding any provision of this Consent

Decree, the United States retains all of its access authorities and rights, including enforcement authorities related thereto, under CERCLA, the Resource Conservation and Recovery Act, 42 U.S.C. § 6927, and any applicable statutes or regulations. Settling Defendant agrees that, insofar as she has authority to do so, she hereby grants to EPA, Nassau Metals, and EPA's designated representatives access to the Site for purposes of taking any and all response actions, including those called for by the RD/RA Consent Decree between the United States and Nassau Metals. Settling Defendant further agrees that she will take no action to deny EPA, its designated representatives or Nassau Metals access to the Site or to interfere with the timely completion of the remedial actions and clean-up activities being conducted at the Site, including those pursuant to the RD/RA Consent Decree between the United States and the Nassau Metals.

22. **Notice to Successors-in-Title**

a. Within 15 days after entry of this Consent Decree, Settling Defendant shall submit to EPA for review and approval a notice to be filed with the Recorder's Office, Luzerne County, Pennsylvania, or such other local office where land ownership and title records are maintained, which shall provide notice to all successors-in-title that the Site

-23-

property is part of the C&D Recycling Superfund Site, that EPA selected a remedy for the Site on September 30, 1992, and that a Consent Decree requiring implementation of the remedy by a potentially responsible party exists. Such notice shall identify the United States District Court in which the Consent Decree was filed, the name and civil action number of this case, and the date the Consent Decree was entered by the Court. Settling Defendant shall file the notice within 10 days of EPA's approval of the notice. Settling Defendant shall provide EPA with a certified copy of the recorded notice within 10 days of recording such notice.

b. At least 30 days prior to the conveyance of any ownership and/or financial interest in the Site property, or any portion thereof, Settling Defendant shall give the grantee written notice of (1) this Consent Decree, (ii) any instrument by which an interest in real property has been conveyed that confers a right of access to the Site (hereinafter referred to as "access easements") pursuant to Section X (Site Access), and (iii) any Institutional Controls in the form of restrictive easements/covenants that have been filed with respect to the Site pursuant to Section X. At least 30 days prior to such conveyance, Settling Defendant shall also give written notice to EPA of the proposed conveyance, including

-24-

the name and address of the grantee, and the date on which notice of the Consent Decree, access easements, and/or restrictive easements/covenants was given to the grantee.

c.   In the event of any such conveyance, Settling Defendant's obligations under this Consent Decree, including, but not limited to, its obligation to provide or secure access, pursuant to this Section IX of this Consent Decree, shall continue to be met by Settling Defendant.   In no event shall the conveyance release or otherwise affect the liability of Settling Defendant to comply with all provisions of this Consent Decree.

## XI.   **NOTICES AND SUBMISSIONS**

23.   Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.   Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to DOJ, EPA, and Settling Defendant, respectively.

As to Department of Justice:

Chief, Environmental Enforcement Section

-25-

Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044
    Re: C&D Recycling, Inc. Superfund Site, 90-11-3-1057A

As to U.S. Environmental Protection Agency:
Bonnie Pugh Winkler
Office of Regional Counsel (3RC44)
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

Laura Janson
Chief
CERCLA, Cost Recovery Section
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

As to Settling Defendant
Betty Brenner, Personal Representative of
the Estate of Joseph Brenner
86 Wilson Street
Hazleton, PA 18201

Martin D. Cohn, Esq.
Laputka, Bayless, Ecker & Cohn
2 East Broad Street
Hazleton, PA 18201

## XII.  **RETENTION OF JURISDICTION**

24.  This Court shall retain jurisdiction of this matter
for the purpose of enforcing the terms of this Consent Decree.

## XIII.  **LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

25.  This Consent Decree shall be lodged with the Court
for a period of thirty (30) days for public notice and

comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

26. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIV.   **EFFECTIVE DATE/ENTRY**

27. The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

## XV.   **SIGNATORIES/SERVICE**

28. The undersigned representative of Settling Defendant to this Consent Decree and the Chief of the Environmental Enforcement Section, Environment and Natural Resources Division of the United States Department of Justice each certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such party to this document.

29. Settling Defendant hereby agrees not to oppose entry

of this Consent Decree by this Court or to challenge any

provision of this Consent Decree.

**FILED
SCRANTON**

MAR 1 9 2001

PER _____

DEPUTY

30. Settling Defendant has identified, by name and

address, an agent or the person who is authorized to accept

service of process by mail on behalf of Settling Defendant

with respect to all matters arising under or relating to this

Consent Decree. Settling Defendant hereby agrees to accept

service in that manner and to waive the formal service

requirements set forth in Rule 4 of the Federal Rules of Civil

Procedure and any applicable local rules of this Court,

including but not limited to, service of a summons.

**SO ORDERED THIS** _19th_ **DAY OF** _March_ , **2001.**


_____
United States District Judge

-28-

The undersigned approves and enters into this Consent Decree, in the matter of <u>United States v. Nassau Metals Corporation, Inc., et al.</u>, relating to the C&D Recycling, Inc. Superfund Site, Foster Township, Luzerne County, Pennsylvania.

FOR THE UNITED STATES OF AMERICA:


_____     _____
WALKER B. SMITH                     Date
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources
     Division
U.S. Department of Justice
Washington, D.C.  20044


_____     _____
NATHANIEL DOUGLAS                   Date
Environmental Enforcement Section
Environment and Natural Resources
     Division
U.S. Department of Justice
Washington, D.C.  20044


DAVID M. BARASCH
United States Attorney
Middle District of Pennsylvania

FOR THE ENVIRONMENTAL PROTECTION AGENCY:


_M M Cybell_                                    _Aug 24 2000_
BRADLEY M. CAMPBELL                             Date
Regional Administrator
U.S. Environmental Protection
    Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029


_Cydie Csales_                                  _9/20/00_
WILLIAM C. EARLY                                Date
Regional Counsel
U.S. Environmental Protection
    Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029


BONNIE PUGH WINKLER                             _9/20/00_
Assistant Regional Counsel                      Date
U.S. Environmental Protection
    Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

The undersigned approve and sign this Consent Decree on behalf of Settling Defendant Joseph Brenner, in the matter of United States v. Nassau Metals Corporation, Inc., et al., C.A. No. 3:96:-CV562, relating to the C&D Recycling, Inc. Superfund Site, Foster Township, Luzerne County, Pennsylvania.

FOR THE ESTATE DEFENDANT JOSEPH BRENNER (Deceased):


_Betty Brenner_             _7/31/00_
BETTY BRENNER                     Date
Personal Representative of
Estate of Joseph Brenner
86 Wilson Street
Hazleton, PA 18201



Agent Authorized to Accept Service on Behalf of Above-signed Party:

            Name:    Martin D. Cohn, Esq.


                   Laputka, Bayless, Ecker & Cohn

                   2 East Broad Street, Sixth Floor
        Address:   Hazleton, PA 18201

APPENDIX A



**U.S. Department of Justice**

Environment and Natural Resources Division

JMG:ND
90-11-3-1057A
*Environmental Enforcement Section*
*P.O. Box 7611*
*Washington, DC 20044-7611*

*Telephone (202) 514-4628*
*Facsimile (202) 616-6583*

July 21, 2000

Martin D. Cohn, Esq.
Laputka, Bayless, Ecker & Cohn
2 East Broad Street
Sixth Floor
Hazleton, PA 18201-6592

> **Re: C&D Recycling Site -- Consent Decree**
>
> **(Appendix A to Consent Decree)**

Dear Mr. Cohn:

This letter constitutes Appendix A to the Consent Decree, as referenced in paragraph 7 of the Decree. Following is a list of the documents submitted to and relied on by the United States in considering the financial situation of Mr. Joseph Brenner (Deceased) prior to his death and the financial assets of his Estate after his death. The documents and/or information are listed below:

1. Letter, dated November 1, 1999, to Department of Justice from Attorney Martin D. Cohn, attaching a copy of the Inheritance Tax Return, Resident Decedent (REV-15) (File Number 40 1999 1324).

2. Letter, dated December 14, 1998, to Department of Justice from Attorney Andrew J. Primerano, transmitting the personal financial statement of Joseph and Betty Brenner as of October 31, 1998, including supporting documents.

3. Letter, dated July 15, 1998, to Department of Justice from Attorney Andrew Primerano.

4. Letter, dated September 25, 1997, to Department of Justice from Attorney Martin D. Cohn, enclosing Federal Tax Returns for Joseph Brenner and Betty Brenner for 1994, 1995, and 1996.

5. Letter, dated June 2, 1997, to Department of Justice from Attorney Martin D. Cohn, enclosing a letter statement (six pages), dated June 2, 1997, signed by Joseph

Brenner and providing financial information related to both Joseph Brenner and Betty Brenner.

Upon your review of the above-listed documents, please let me know whether you believe that any document, previously submitted to the United States related to Mr. Joseph Brenner's financial situation, is omitted from the list, and whether you believe any such document should be included in the list. If there is any such document and we agree that such document should be added to this list, we will appropriately amend this letter.

As stated previously, this letter constitutes Exhibit A to the Consent Decree.

Sincerely,

Nat Douglas
Trial Attorney
Environmental Enforcement Section

* * MAILING CERTIFICATE OF CLERK * *

March 20, 2001

Re:  3:96-cv-00562    USA v. Nassau Metals Corp.

True and correct copies of the attached were mailed by the clerk
to the following:

    Lois J. Schiffer, Esq.
    U.S. Dept. of Justice
    Environmental & Natural Resources Divisi
    P.O. Box 7611, Ben Franklin Station
    Washington, DC  20044-2025

    Nathaniel Douglas, Esq.
    Environmental and Natural Resources Division
    U.S. Department of Justice
    Box 7611 Ben Franklin Station
    Washington, DC  20044

    Samuel I. Gutter, Esq.
    Sidley & Austin
    1722 I Street, N.W.
    Washington, DC  20006

    Howard M. Klein, Esq.
    Conrad O'Brien Gellman & Rohn, P.C.
    1515 Market Street, 16th floor
    Philadelphia, PA  19102-1916

    Walter T. Grabowski, Esq.
    Holland, Brady & Grabowski, P.C.
    61 North Washington Street
    Wilkes-Barre, PA  18701 Fax No.: (570) 606-6106

    John A. Guernsey, Esq.
    Conrad, O'Brien, Gellman DeStefano & Rohn
    1515 Market St.
    16th Floor
    Philadelphia, PA  19102-1916

    Martin D. Cohn, Esq.
    Laputka Bayless Ecker & Cohn
    Sixth Floor
    2 East Broad St.
    Hazleton, PA  18201-6592

cc:

| | | | | |
|---|---|---|---|---|
| Judge | ( ) | | ( ) | Pro Se Law Clerk |
| Magistrate Judge | ( ) | | ( ) | INS |
| U.S. Marshal | ( ) | | ( ) | Jury Clerk |
| Probation | ( ) | | | |
| U.S. Attorney | ( ) | | | |
| Atty. for Deft. | ( ) | | | |
| Defendant | ( ) | | | |
| Warden | ( ) | | | |
| Bureau of Prisons | ( ) | | | |
| Ct Reporter | ( ) | | | |
| Ctroom Deputy | ( ) | | | |
| Orig-Security | ( ) | | | |
| Federal Public Defender | ( ) | | | |

Summons Issued          ( )  with N/C attached to complt. and served by:
                             U.S. Marshal ( )     Pltf's Attorney ( )

Standard Order 93-5     ( )
Order to Show Cause     ( )  with Petition attached & mailed certified mail
                             to: US Atty Gen  ( )   PA Atty Gen ( )
                                 DA of County ( )   Respondents ( )

Bankruptcy Court        ( )
Other_____( )

                                        MARY E. D'ANDREA, Clerk

DATE: _____3/20/01_____          BY: _____
                                            Deputy Clerk